**The Deneau Law Firm, PLLC**

**Kindra Deneau (AZ Bar No. 024156)**

7135 E. Camelback Road, Suite 230
Scottsdale, Arizona  85251
Phone:  (480) 306-5977
Fax:  (602) 626-3504
www.deneaulaw.com

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DOUGLAS LUCAS, | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| NCO FINANCIAL SYSTEMS, INC.; THE NATIONAL COLLEGIATE STUDENT LOAN TRUST 200X-Y; TRUSTS OR ENTITIES I-X; DOES I-10, | |
| Defendants. | |

Plaintiff Douglas Lucas, by and through his undersigned counsel and for his Complaint against Defendants, alleges as follows:

**JURISDICTION**

1.     Plaintiff Douglas Lucas is filing this lawsuit to seek recourse against the Defendants for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Any claims under state law brought by the Plaintiff are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this Complaint occurred here.

**The Deneau Law Firm, PLLC**

## PARTIES

5.    Plaintiff Douglas Lucas ("Plaintiff") is a married person residing in Gilbert, Arizona, and he is a "consumer" under 15 U.S.C. § 1692a(3).

6.    Defendant NCO Financial Systems, Inc. ("NCO") is a Delaware corporation operating as collection agency at 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" under 15 U.S.C. § 1692a(6).

7.    Defendant The National Collegiate Student Loan Trust 200X-Y ("NCSL") is a Delaware statutory trust operating as a collection agency at upon information and belief, 300 Delaware Ave., 9th Floor, Wilmington, Delaware 19801 or Rodney Square North 1100 N. Market Street, Wilmington, Delaware 19890. Letters X and Y are underlined, because Plaintiff is without sufficient information and knowledge to identify the specific National Collegiate Trust that has been holding itself out to be the owner of his alleged student loan debt.  NCSL is a "debt collector" under 15 U.S.C. § 1692a(6).

8.    TRUSTS OR ENTITIES I-X are unknown agents or affiliates

9.    Trusts or Entities I-X and Does 1-10 are unknown agents or affiliates of NCO and/or NCSL who participated in the FDCPA violations, and whom Plaintiff may join to this lawsuit once their identities are revealed through the course of discovery.

## GENERAL ALLEGATIONS

10.  Plaintiff allegedly owes an original creditor a debt ("Debt").

11.  The Debt arose from goods or services which were primarily for family, personal or household purpose, which makes any collection of the Debt subject to the FDCPA under 15 U.S.C. § 1692a(5).

12.  The Debt pertains to a private student loan.

13.  Defendants purchased or took transfer or assignment of the Debt, or was hired by the owner of the Debt to collect against Plaintiff.

**The Deneau Law Firm, PLLC**

14. Plaintiff has never received proof that NCSL is the assigned owner of the Debt, but NCSL has claimed to be the assigned owner of the Debt authorized to collect on it.

15. Upon information and belief, NCSL hired NCO to pursue debt collection activities against Plaintiff.

16. From approximately 2008 to 2012, Plaintiff made regular payments to NCO on the Debt.

17. In January of 2013, NCO suddenly refused to accept any payments from Plaintiff claiming that the Debt had moved departments or was no longer with NCO.

18. Upon information and belief, NCO misrepresented to Plaintiff that it could not accept payments from Plaintiff in order to intentionally hike up the late fees and penalties on Plaintiff's Debt account, which are fees ordinarily paid first to the debt collector before the balance of any payment is applied to the principal and/or paid out to the original creditor.

19. On or about June 7, 2013, Plaintiff received a call from NCO, and the caller identified himself to be Mr. Okwan.  Mr. Okwan insisted that Plaintiff should immediately take out a separate private loan or borrow money from family members in order to pay off the balance of the Debt in full and avoid a lawsuit and wage garnishment.

20. During the same conversation, another NCO representative who identified himself as Mr. Santae Wilson, came on the phone and also threatened to immediately pursue a lawsuit and wage garnishment against Plaintiff, claiming that the entire balance of the Debt was due immediately.

21. Plaintiff felt pressured into scheduling a $1,000.00 post-dated electronic payment due to the threats of legal action and garnishment.

22. On or about June 10, 2013, Plaintiff called NCO to reach Mr. Wilson at a pre-arranged time they had mutually agreed speak to again each other on.  The

**The Deneau Law Firm, PLLC**

1   person who answered identified herself upon information and belief to be

2   Shantana.  Shantana informed Plaintiff that Mr. Wilson was not available to speak

3   to him.

4       23.  Plaintiff asked Shantana to cancel the $1,000.00 post-dated payment,

5   because he had felt coerced into agreeing to it.  Shantana said she could

6   potentially cancel the payment, but that the repercussion of cancelling the

7   payment would mean that the entire Debt would become immediately due and

8   owing and that he would not get a second chance to make just a payment.

9       24.  Plaintiff asked Shantana to validate and send written documentation on

10   the post-dated payment and balance on the Debt, and Shantana refused claiming

11   that it would not be possible for NCO to provide same.

12       25.  Later that day on or about June 10, 2013, Plaintiff called again to reach

13   Mr. Wilson to inquire about why he could not be provided the requested

14   documentation on his account.

15       26.  Mr. Wilson of NCO answered this time.

16       27.  Plaintiff asked about the wage garnishment threats previously made,

17   and Mr. Wilson insisted that no one had threatened wage garnishment and that

18   threatening a wage garnishment would not have been appropriate to do.  Mr.

19   Wilson said he would "check off" that from the account.

20       28.  When Plaintiff again inquired about stopping payment on the $1,000.00

21   post-dated check, Mr. Wilson told Plaintiff, "*next time you call here you will be*

22   *paying the balance on this account."*

23       *29.* Mr. Wilson insisted, "*you have ten whole days to have the funds*

24   *available. Clients are going to move the account."*

25       30.  As Plaintiff was getting off of the phone with Mr. Wilson, they both

26   agreed Mr. Wilson would fax documentation to Plaintiff, and that they would touch

27   base again on June 12, 2013 regarding Plaintiff's request to cancel the payment.

28       31.  Mr. Wilson never faxed any documentation over to Plaintiff.

**The Deneau Law Firm, PLLC**

32.  Plaintiff called back on June 12, 2013, and was informed Mr. Wilson would (again) not be available at the agreed upon time.

33.  Plaintiff later that day received a message from a NCO representative who identified himself as Mr. Okwan.  When Plaintiff tried to return the call, Mr. Okwan was no longer available and an NCO representative who identified herself as Loretta took the call.

34.  Initially, Loretta claimed NCO no longer had the account Debt, and could not provide Plaintiff with any proof of Debt.  When Plaintiff demanded to know how this could be possible, Loretta placed Plaintiff on an extensive hold. Loretta came back on the line claiming she had been looking at the wrong account, and Plaintiff asked to speak to Mr. Wilson.

35.  Mr. Wilson came on the line and said he could not get him any letter or documentation without a payment arrangement of at least 60-90 days or more, "but we are really banking on you getting a loan to pay it off."

36.  Suddenly, Mr. Wilson also mentioned Plaintiff might be able to make payments over a 48 month time period rather than NCO calling the entire loan to be immediately due and owing.

37.  Soon after these conversations, Plaintiff sent a written request for validation of Debt to NCO.

38.  No lawsuit and no wage garnishment proceeding were ever initiated by NCO.

39.  Since these telephone conversations, Plaintiff has made several attempts to speak to NCO and NCSL representatives to find out who has "possession" of the Debt in order to try to make a payment.

40.  Every time Plaintiff attempts to contact either one of the entities, they claim that they do not have the account and that it has been transferred to the other entity, or to a law firm Gurstel Chargo, PA.

**The Deneau Law Firm, PLLC**

1      41.  After being informed that Gurstel Chargo, PA had the account, Plaintiff

2  attempted to call Gurstel Chargo, PA, who suprisingly informed him that they did

3  not have the account either.

4      42.  Plaintiff has been left feeling like he is being subjected to a monkey in

5  the middle game where he cannot figure out on any given day who can accept a

6  payment on the Debt or who has authority to negotiate any potential payment plan

7  or resolution on the Debt.

8      43.  This gamesmanship has been an intentional misrepresentation on

9  Defendants' part aimed to strong-arm Plaintiff into making a full lump sum

10  payment he is not required to make.

11      44.  The constant alleged transfers are upon information and belief

12  accompanied by alleged "charges" each time they take place.

13      45.  Plaintiff has never received a written validation of the Debt from NCO or

14  NCSL.

15      46.  Defendants have charged Plaintiff's account with invalid charges to

16  unjustly hike up the balance on the Debt.

17      47.  Plaintiff's credit has been negatively affected by the default status of

18  the Debt due to Defendants' misrepresentations regarding the location of the Debt,

19  Debt status, and refusals to accept payments.

20      48.  Defendants have condoned and assisted with each other's tactics to

21  collect on the Debt in violation of the FDCPA.

22                     **COUNT ONE: VIOLATIONS OF THE FDCPA**

23      49.  Plaintiff incorporates each and every allegation set forth in the above

24  numbered paragraphs as though fully set forth herein.

25      50.  Defendants engaged in behavior the natural consequence of which was

26  to harass, oppress, or abuse the Plaintiffs in connection with the collection of the

27  alleged Debt, in violation of 15 U.S.C. § 1692d.

28

**The Deneau Law Firm, PLLC**

51.   Defendants misrepresented the character, amount and legal status of the Debt in violation of 15 U.S.C. § 1692e(2).

52.   Defendants threatened the Plaintiff with wage garnishment if the Debt was not paid in violation of 15 U.S.C. § 1692e(4).

53.   Defendants threatened to take legal action, without actually intending to do so in violation of 15 U.S.C. § 1692e(5).

54.   Defendants misled the Plaintiff into believing that the sale or transfer of the debt would cause the Plaintiff to lose a claim or defense to payment of the debt, in violation of 15 U.S.C. § 1692e(6).

55.   Defendants employed false and deceptive means to collect the Debt in violation of 15 U.S.C. § 1692e(10).

56.   Defendants did not apply payments to Plaintiff's Debt in accordance with Plaintiff's directions in violation of 15 U.S.C. § 1692(h).

57.   Defendants violated numerous provisions of the FDCPA, and Plaintiff is entitled to be awarded statutory and actual damages for their illegal collection activities.

## COUNT TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.   Plaintiff incorporates each and every allegation set forth in the above numbered paragraphs as though fully set forth herein.

59.   The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

60.   The foregoing conduct constitutes the tort of intentional infliction of emotion distress under the laws of the State of Arizona.

61.   As a result of the Defendants' intentional infliction of emotion distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

**The Deneau Law Firm, PLLC**

1    62. All acts of Defendants and its agents complained of herein were

2  committed with malice, intent, wantonness, and recklessness, and as such,

3  Defendants are subject to punitive damages for their conduct.

4                          **PRAYER FOR RELIEF**

5    WHEREFORE, Plaintiff requests complete relief as follows:

6    A.    For judgment against Defendants;

7    B.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against

8  Defendants, including actual damages from the Defendants for the emotional

9  distress Plaintiff suffered as a result of the intentional, reckless, and/or negligent

10  FDCPA violations made in an amount to be determined at trial for the Plaintiff;

11    C.    Statutory damages of $1,000.00 pursuant to 15 U.S.C. §

12  1692k(a)(2)(A) against Defendants;

13    D.    Costs of litigation and reasonable attorney's fees pursuant to 15

14  U.S.C. § 1692k(a)(3) against Defendants;

15    E.    Actual damages from Defendants or all damages including emotional

16  distress suffered as a result of the intentional, reckless, and/or negligent FDCPA

17  violations in an amount to be determined at trial.

18    F.    Punitive Damages;

19    G.    For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to

20  A.R.S. § 12-341.

21    H.    For any other damages or remedies that are just and reasonable

22  under the circumstances.

23  */ / /*

24  */ / /*

25  */ / /*

26  */ / /*

27  */ / /*

28

**The Deneau Law Firm, PLLC**

1             **TRIAL BY JURY DEMANDED ON ALL COUNTS**

2         RESPECTFULLY SUBMITTED this 5th day of June, 2014.

3                       **The Deneau Law Firm, PLLC**

4

5         By: _____

6                Kindra Deneau, Esq.

7                *Counsel for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28